**2622-CC00170**

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

# IN THE CIRCUIT COURT OF THE CITY OF SAINT LOUIS
## 22ND JUDICIAL CIRCUIT STATE OF MISSOURI

| | | |
|---|---|---|
| STEWARD STILES III | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Division: |
| | ) | |
| ST. LOUIS VOICES ACADEMY OF ` MEDIA ARTS | ) ) | |
| Serve: | ) | |
| Registered Agent | ) | |
| Hollie Russell-West | ) | |
| 1220 Olive Street, Suite 200 | ) | |
| St. Louis, MO, 63103-2348 | ) | |
| or | ) | |
| Executive Director | ) | |
| Jazzmine Nolan-Echols | ) | |
| 1220 Olive Street, Suite 200 | ) | |
| St. Louis, MO, 63103-2348 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HOLLIE RUSSELL-WEST | ) | |
| Serve: | ) | |
| 1525 Hollywood Lane | ) | |
| FLORISSANT, MO 63033 | ) | |
| or | ) | |
| 1932 E WARNE AVE | ) | |
| St. Louis, MO, 63107 | ) | |
| | ) | |
| ROBERT K. PAYNE | ) | |
| Serve: | ) | |
| 4530 Red Bud Avenue, 2nd floor | ) | |
| St. Louis, MO 63155 | ) | |
| Or | ) | |
| Hazelwood Central Middle School | ) | |
| 13450 Old Jamestown Rd, | ) | |
| Florissant, MO 63033 | ) | |
| | ) | |
| **Defendants.** | ) | |

## PETITION FOR DAMAGES

1

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

Plaintiff Steward Stiles III, by and through his attorney, hereby state the following causes of action against Defendant St. Louis Voices Academy of Media Arts ("Academy"), the Academy's former executive director in her individual capacity Hollie Russell-West ("West"), and Robert Payne ("Payne") the chair of Academy's Board of Directors ("Board") in his individual capacity (collectively referred to as "Defendants"). Plaintiff states as follows:

### Parties and Jurisdiction

1. Plaintiff is an individual who resides in Ferguson, Saint Louis County, Missouri.

2. Plaintiff was employed by Defendant Academy from January 18, 2024, through December 1, 2025.

3. Defendant St. Louis Voices Academy of Media Arts is a nonprofit corporation organized under the laws of the State of Missouri and is domiciled in the County of St. Louis City Missouri.

   a. It is considered a public school under Missouri Law.

   b. It is a Missouri Charter Public School Commission ("Commission") sponsored charter school.

   c. It serves the public purpose of education and is funded through mostly public and some private dollars.

4. West was the executive director of the Academy at the relevant times herein.

5. Payne is, or was, the Academy's Board of Directors chair for all relevant times herein.

6. The Commission is a governmental agency created by Missouri statute RSMo 160.420.

7. Plaintiff asserts claims under RSMo § 105.055, RSMO § 285.575, 42 U.S.C. 1983, the Missouri Constitution, and the First Amendment to the United States Constitution.

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

8. Venue is proper before this Court.

9. This Court has proper subject matter jurisdiction and personal jurisdiction over all Parties.

10. The facts below all occurred within the City of Saint Louis, Missouri.

### Facts

11. Plaintiff was employed by the Academy as the Assistant Director of Family and Community Partnership.

12. On or about May 15, 2025, Plaintiff made a report to a prior member of Defendant's Board of Directors concerning escalating hostility, dysfunctional leadership, and nepotism practices concerning West.

13. Specifically, Plaintiff's first report related to West's relationships:

    a. West's mother being hired as the office manager and board secretary;

    b. West's son was the school's only contracted janitorial provider; and

    c. West's daughter was contracted to serve food through Fresh Palate.

14. On the same day of Plaintiff's first complaint to the former member of Defendant's Board of Directors, West confronted Plaintiff and accused Plaintiff of sabotaging her.

15. On or about May 20, 2025, Plaintiff and West had a one-on-one conversation where West indicated that no one outside of the school needed to know what was happening inside the school.

16. On October 31, 2025, Plaintiff filed a second complaint directly with the Commission's Executive Director Robbyn Wahby via email.

17. Plaintiff requested for the report to be taken anonymously, due to his fear of how West and the Academy would respond.

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

18. The Commission, provided Payne's email to enable Plaintiff to file a complaint directly with the Academy and Board.

19. That same day, on October 31, 2025, Plaintiff directly filed his second complaint to Payne as the chair of Academy's Board of Directors through the email provided by the Commission.

20. Plaintiff requested for the report to be taken anonymously, due to his fear of how West and the Academy would respond.

21. The Board secretary, Adriana Stables, subsequently confirmed receipt of the complaint through a phone conversation with Plaintiff.

22. Adriana Stables confirmed that Payne received the complaint; and that he forwarded the complaint to the full Board.

23. The substance of these written whistleblower complaints:

    a. Violation of the performance contract:

        i. Lack of Board quorum and general Board dysfunction;

        ii. Lack of Board oversight;

    b. Extraordinary Academy personnel turnover;

        i. Lack of systems in place to improve staff turnover;

    c. Lack of classroom rigor;

    d. Violations of the Individuals with Disabilities Act.

    e. Violations of Section 504 of the Rehabilitation Act.

    f. Mismanagement of funds

        i. Students are not receiving required and reported hours as required by their IEPs under federal law;

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

    g.  Lack of organizational controls to ensure Defendant Academy complied with submissions to DESE and the Commission.

    h.  Family trust and enrollment stability issues.

24. Plaintiff reported that Defendant Academy was violating the laws of the State of Missouri.

25. Plaintiff reported that Defendant Academy was violating the federal laws concerning special education.

26. Plaintiff reported that Defendant Academy was committing gross waste of funds, abuse of authority, violation of policy, and a waste of public resources,

27. Plaintiff believed that Defendant Academy was placing students in a substantial and specific danger, thus creating a matter of great public health and safety.

28. Payne's role, as the Chair of the Academy Board of Directors, was to supervise West and the Academy.

29. On or about November 5, 2025, Plaintiff met in person with Commission staff and further elaborated on his written complaints.

30. During this in-person interview; Plaintiff elaborated on his concerns related to student safety.

31. Prior to the second complaint, Plaintiff and West had weekly meetings every Tuesday.

32. After Plaintiff's second complaint, these meetings ceased and a new staff member, Stephon Greenlee took her place.

33. After Plaintiff's second complaint to the Commission, West reduced her communication with Plaintiff and distanced herself.

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

34. On November 12 through 13, 2025, the Commission conducted an onsite intervention site visit.

35. On November 17, 2025, the Commission sent a notice of Breach of Contract and Probation to Defendant Academy and validated Plaintiff's second whistleblower complaint concerning:

  a.  Safety and Security of Students;

  b.  Special Education;

  c.  Academic quality; and

  d.  Failure of board of governance.

36. On or about December 1, 2025, Defendant, terminated Plaintiff's employment.

37. Defendant claimed that the reason Plaintiff's role was terminated was because of the Commission's scrutiny.

38. Defendant's reasoning is pretextual.

39. Defendants systematically hunted for and identified Plaintiff as the whistleblower to the Commission.

40. Defendants suspected Plaintiff and retaliated against Plaintiff as a suspected leak.

41. Plaintiff is under information and belief that Payne, and the board of directors, ratified the conduct by West and the Academy by approving the termination of Plaintiff and other suspected whistleblowers.

42. Defendants further humiliated Plaintiff by firing him the Monday after Thanksgiving, and walked him out of the premises immediately and publicly.

43. This illegal conduct by Academy, West, and Payne have caused Plaintiff harm and continue to harm Plaintiff.

6

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

## COUNT I: CLAIM UNDER WHISTLEBLOWER §105.055 (vs. Academy and West)

44. Plaintiff hereby incorporates the allegations contained in Paragraphs 1-43 as if fully set forth herein.

45. Plaintiff was a public employee under §105.055.

46. Plaintiff was working for a public employer under §105.055.

47. On October 31, 2025, Plaintiff reported violations of laws, rules, regulations, mismanagement of funds, and/or a substantial risk of danger concerning the health and safety of the kids attending Academy to the Commission.

48. On October 31, 2025, Plaintiff reported violations of law, rules, regulations, mismanagement of funds, and/or a substantial risk of danger concerning the health and safety of the kids attending Academy to the Academy's Board via West.

49. Plaintiff's reports to both Payne and Academy's Board, and to the Commission were protected activity.

50. Plaintiff was unlawfully terminated from his employment by West and Defendant Academy.

51. Plaintiff was terminated for his protected whistleblowing activity.

52. Defendant Academy and Defendant West retaliated against Plaintiff by harassment, humiliation, and termination.

53. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment,

7

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

degradation, humiliation, anxiety,  loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, for actual and compensatory damages greater than $25,000, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

### COUNT II: Violation of RSMO Section 285.575 (vs. Academy and West)

54. Plaintiff hereby incorporates the allegations contained in Paragraphs 1-53 as if fully set forth herein.

55. Plaintiff alleges this count in addition to, or in the alternative to Count I.

56. Plaintiff was a protected person under RSMo 285.575.

57. Plaintiff made a report to the Commission, an independent governmental agency with investigative authority.

58. Plaintiff's second complaint was made to Defendant Academy through Defendant Academy's Board chair: Payne.

59. Payne had supervisory responsibilities over West and the Academy.

60. Plaintiff reported that Defendant West and Defendant Academy were breaking the law and violating clear mandates of public policy.

61. These violations occurred through Defendant West and Defendant Academy's contract with the State of Missouri, misappropriating public dollars meant for special needs

8

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

children, and that the safety and security of all children at the Academy was at specific and generalized risk.

62. Because of Plaintiff's making these protected reports, Defendants harassed, humiliated, and terminated Plaintiff's employment.

63. Plaintiff's complaints were the motivating factor in Defendant's decision to terminate Plaintiff's employment.

64. Plaintiff is under information and belief that other individuals suspected of whistleblowing were also targeted and terminated.

65. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages, which include but are not limited to emotional distress, pain and suffering, loss  of past and future wages and benefits, a detrimental job record, career damage and diminished  career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety,  loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, for actual and compensatory damages greater than $25,000, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

### COUNT III Violation of 42 U.S.C. 1983 (vs. West)

66. Plaintiff hereby incorporates Paragraphs 1-65 of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

67. West violated Plaintiff's constitutional right to the freedom of speech as found in the First Amendment in the United States Constitution.

68. Plaintiff made complaints as a citizen.

69. West was operating under the color of law as the founder, executive director, and operator of a Missouri public school.

70. Plaintiffs first complaint to Academy's Board concerned a suspected violation of Missouri's Constitution prohibition against nepotism. *See Missouri Constitution Art. Vii, Section 6.*

71. Plaintiff's second complaint to the Academy and to the Commission concerned matters of public concern, such as student safety, violations of state and federal law concerning special education and disabled students, and a gross mismanagement of funds as the Academy operates on significant public dollars.

72. The government does not have any interest in prohibiting the speech of citizens for nepotism, student safety, violations of state or federal law, or the gross mismanagement of funds.

73. West was aware of the nepotism complaint.

74. West hired numerous members of her family throughout her term as executive director.

75. West confronted Plaintiff about this previous complaint concerning her actions of nepotism within the Academy.

76. West stated her preference for keeping things in-house.

77. West was aware of the second complaint which initiated extensive investigations of the Academy.

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

78. West made statements to staff regarding whom she suspected of initiating the complaint to the Commission.

79. West suspected Plaintiff.

80. West made the decision to terminate Plaintiff because of his whistleblower complaints.

81. West's decision to terminate harmed Plaintiff and continues to harm Plaintiff.

**WHEREFORE,** Plaintiff prays for judgment against Defendant West, for actual and compensatory damages greater than $25,000, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, and any appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

### COUNT IV Violation of Section 1983 (vs. Payne)

82. Plaintiff hereby incorporates Paragraphs 1-81 of this Petition as if fully set forth here.

83. Plaintiff made a complaint on October 31, 2025, as a citizen directly to Payne.

84. Payne is/was the chair of the Board of Directors for Defendant Academy.

85. Payne, violated Plaintiff's first amendment rights in approving the termination of Plaintiff by Academy and West.

86. Payne, in his capacity as Board of Directors of the Academy, operated under the color of law, insofar as his position was that of supervising a Missouri charter school which received significant public dollars, which was overseen by the Commission.

87. In that complaint on October 31, 2025, Plaintiff requested for his complaint to remain anonymous as he was fearful of retaliation from West and the Academy.

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

88. On or before December 1, 2025, Payne, and the board of directors, ratified the decision by West to terminate Plaintiff's employment.

89. Furthermore, when Plaintiff sent in writing his concerns that he was being unlawfully terminated, Payne and the Board responded in writing and claimed that Payne, nor the board, *ever received or was aware of any complaint* by Plaintiff.

90. The Commission noticed Payne's selective memory in its December 12, 2025, communication: "You told a reporter that you do not understand why we are scrutinizing your school. Given how clear and direct our communications have been and how serious the violations were and are, that is befuddling."

91. Plaintiff's whistleblower complaint to Payne and the Commission concerned matters of public concern, such as student safety, violations of federal law concerning special education and disabled students, and a gross mismanagement of funds as the Academy operates on significant public dollars.

92. The government does not have any interest in prohibiting the speech of citizens for nepotism, student safety, violations of federal law, or the gross mismanagement of funds.

93. Instead of taking oversight seriously, Payne and the Board personally ratified the underlying unlawful conduct of West.

94. In doing so, West has personal involvement in the violation of Plaintiff's freedom of speech as guaranteed by the United States Constitution.

95. Plaintiff was harmed by West's conduct and continues to suffer harm.

Electronically Filed - City of St. Louis - January 28, 2026 - 03:32 PM

**WHEREFORE,** Plaintiff prays for judgment against Defendant, for actual and compensatory damages greater than $25,000, all costs, expenses, expert witness fees and attorneys' fees incurred herein appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on each of the allegations contained in this Petition that are triable before a jury.

Respectfully submitted,

**THE RAMSEY FIRM, LLC**

By:    */s/ Steven Alan Ramsey*
Steven Alan Ramsey #67126
4240 Duncan Avenue, Suite 200
Saint Louis, Missouri, 63110
Telephone: (314) 246-0059
Email:  ramsey@theramseyfirmllc.com
www.theramseyfirmllc.com